**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10457 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00675-DCB-CRP-3 |
| v. | |
| HAKIM MUSTAFA RASUL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 12, 2012
San Francisco, California

Before:    ALARCÓN, GRABER, and BERZON, Circuit Judges.

Hakim Mustafa Rasul was convicted of conspiracy to possess marijuana

with intent to distribute, in violation of 21 U.S.C. § 846.  He appeals from the

district court's denial of his motion to acquit for insufficient evidence under Rule

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

29 of the Federal Rules of Criminal Procedure. We have jurisdiction to review Rasul's appeal under 28 U.S.C. § 1291, and we affirm.

I

"Where, as here, the defendant preserves his claim of insufficient evidence by making a motion under Federal Rule of Criminal Procedure 29 at the close of the evidence, we review de novo the sufficiency of the evidence supporting the conviction." *United States v. Tucker*, 641 F.3d 1110, 1118 (9th Cir. 2011). This Court must affirm if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A defendant's mere presence at a crime, affiliation with those committing the crime, or knowledge that a crime is being committed, is insufficient to support a conspiracy conviction under 21 U.S.C. § 846. *United States v. Corona-Verbera*, 509 F.3d 1105, 1117 (9th Cir. 2007). Although insufficient on its own, a defendant's "mere proximity to the scene of illicit activity" may nonetheless support an inference that he or she was involved in the conspiracy when viewed in the context of other evidence. *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987), *abrogated on other grounds by United States v. Nevils*, 598 F.3d 1158, 1166-67 (9th Cir. 2010) (en banc). Moreover, "'[o]nce the existence of a

conspiracy is established, evidence which establishes beyond a reasonable doubt that a defendant is even slightly connected with the conspiracy is sufficient to convict.'" *Corona-Verbera*, 509 F.3d at 1117 (quoting *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir. 1991)).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Rasul had a "slight connection" to the conspiracy based on the testimony of co-conspirator Patrick Hodges and Immigration and Customs Enforcement ("ICE") Special Agent Wayne Armstrong, as well as the video and photographic evidence. Hodges testified that he saw Rasul wrapping marijuana prior to the February 25, 2012, shipment, as well as handling marijuana at the dance hall on the day of the shipment. The video corroborates Hodges' testimony in that it depicts Rasul retrieving a dark-colored item from the Chevy Tahoe and carrying it back to the box-truck. ICE Special Agent Armstrong testified, relying on his experience, that the item had the "heft and weight" of a bundle of marijuana. Also, Rasul was wearing gloves, like the other conspirators handling the marijuana bundles, on an unusually hot day in February in Arizona.

Rasul contends that the testimony of Hodges was not credible and therefore may not be considered in reviewing the sufficiency of the evidence. "[T]he

3

credibility of witnesses is a question for the jury unreviewable on appeal." *United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999). In applying this principle, this court has adopted a longstanding rule that even "'[t]he uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face.'" *Id.* (alteration in original) (quoting *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1986)). Hodges' testimony regarding Rasul's role in the conspiracy is not incredible on its face and is sufficiently substantial to demonstrate that Rasul participated in the conspiracy.

II

Rasul also contends that, if the jury believed that the evidence implicated him in the conspiracy, it also would have found him guilty of the possession charge. However, it is well settled that inconsistent verdicts from a single jury do not require reversal. *United States v. Suarez*, 682 F.3d 1214, 1218 (9th Cir. 2012). Accordingly, the jury's failure to reach a unanimous decision on the possession charge does not give us cause to disturb Rasul's conspiracy conviction.

**AFFIRMED.**